1   John W. Shaw, Esq.  SBN:  82802
    jshaw@mpplaw.com
2   Litsa Georgantopoulos, Esq.  SBN:  238288
    lgeorge@mpplaw.com
3   **MORRIS POLICH & PURDY LLP**
    1055 West Seventh Street, 24th Floor
4   Los Angeles, California 90017
    Telephone:  (213) 891-9100
5   Facsimile:  (213) 488-1178

6   Attorneys for Defendants,
    REEBOK INTERNATIONAL, LTD.

7

8

9               **UNITED STATES DISTRICT COURT**

10              **CENTRAL DISTRICT OF CALIFORNIA**

11  MARIA GARCIA, an individual   Case No.:

12            Plaintiff,          **CV13-01641 RGK (PJWx)**
                                  Complaint Filed: January 24, 2013
13  vs.

14  REEBOK INTERNATIONAL, LTD.,   **DEFENDANT REEBOK**
    and J.C. PENNEY, and DOES 1   **INTERNATIONAL, LTD.'S NOTICE**
15  through 100, inclusive        **OF REMOVAL OF ACTION UNDER**
                                  **28 U.S.C. § 1441(B)[DIVERSITY OF**
16            Defendants.         **CITIZENSHIP]; DECLARATION OF**
                                  **LITSA GEORGANTOPOULOS IN**
17                                **SUPPORT THEREOF**

18

19

20  **TO THE CLERK OF THE ABOVE ENTITLED COURT:**

21      **PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441

22  and 1446, Defendant Reebok International, Ltd. hereby removes this action

23  captioned *Maria Garcia v. Reebok International, Ltd., J.C. Penney and DOES 1*

24  *through 100, inclusive,* Case No. BC499824 (the "Underlying Action") from the

25  Superior Court of the State of California, County of Los Angeles to the United

26  States District Court for the Central District of California (Western Division) on

27  the following grounds.

28  ///

                                    1

## STATEMENT OF JURISDICTION PURSUANT TO LOCAL RULE 204

This Court has original jurisdiction under 28 U.S.C. section 1332 based on diversity of citizenship, and removal is therefore proper under 28 U.S.C. § 1441. Plaintiff in this action is a citizen of California, the Defendants are not citizens of California, and the matter in controversy exceeds $75,000.00.

## BACKGROUND INFORMATION

1. On or about January 24, 2013, Plaintiff Maria Garcia ("Plaintiff") filed a complaint entitled *Maria Garcia v. Reebok International, Ltd., J.C. Penney, and DOES 1 through 100, inclusive,* Case No. BC499824 (the "Underlying Action") , naming as Defendants "Reebok International, Ltd.", "J.C. Penney" and "Does 1 through 100, inclusive." *See* Exhibit "A" to the Declaration of Litsa Georgantopoulos ("Georgantopoulos Decl.") ¶ 5.

2. In her Complaint, Plaintiff asserts that Defendant Reebok International, Ltd ("Reebok") "designed, manufactured, and assembled the specific Reebok Simply Tone Shoes." *See* Exhibit "A" ¶ 7. Plaintiff claims that the Reebok Simply Tone shoes were defective and unsafe for their intended purpose because "the design of the convex rocker bottom soles are unstable when the user walks with her normal gait causing extreme strain on the Achilles tendon resulting in the damaging of the Achilles tendon. *See* Exhibit "A" ¶ 13.

3. Plaintiff further alleges in her complaint that Defendant J.C. Penney engaged in the business of "selling at retail or wholesale to customers or other purchasers, and members of the general public in the County of Los Angeles, State of California, the specific Reebok Simply Tone." *See* Exhibit "A" ¶ 8.

4. Plaintiff alleges a cause of action against all Defendants for: (1) Strict Products Liability and (2) Negligence. *See* Exhibit "A".

5. Plaintiff claims that the Reebok Simply Tone shoes were defectively manufactured, designed, modified and placed on the market. *See* Exhibit "A" ¶¶ 12-32. Plaintiff claims that as a "direct and proximate result of the defect and

1  ordinary use of the toning shoes, Plaintiff sustained severe and serious injury to

2  her person, underwent painful and invasive surgery, and continues to suffer a

3  permanent injury." *See* Exhibit "A" ¶¶ 15, 27.  Further, Plaintiff alleges that as a

4  direct and proximate result of Defendants' actions she has suffered "permanent

5  partial disability." *See* Exhibit "A" ¶¶ 18, 30.

6  ## TIMELINESS OF REMOVAL

7        6.  On February 8, 2013, Plaintiff served her Complaint and a summons in

8  the Underlying Action upon Corporation Service Company, Defendant Reebok's

9  registered agent for services of process in California, thereby effective service

10  upon Defendant Reebok pursuant to California Code of Civil Procedure sections

11  415.10 and 416.10.  Georgantopoulos Decl. ¶¶ 6-7.

12        7.  Defendant Reebok International Ltd has not answered Plaintiff's

13  Complaint in the Underlying Action.  Georgantopoulos Decl. ¶ 9.

14        8.  Defendant J.C. Penney has not been served Plaintiff's Summons and

15  Complaint in the Underlying Action.  Thus, J.C. Penney's joinder in this removal

16  is not required under 28 U.S.C. § 1446(b)(2)(A).   Georgantopoulos Decl. ¶ 10.

17        9.  Under 28 U.S.C. § 1446(b), this Notice is timely because it was filed

18  within thirty days of service of Notice on Defendants of Plaintiff's Complaint.

19  Pursuant to California Code of Civil Procedure section 415.10, service was

20  effective on February 8, 2013 and fewer than thirty days have elapsed since that

21  time.  Therefore this notice is timely.

22  ## AMOUNT IN CONTROVERSY

23        10.     The jurisdictional threshold regarding the amount in controversy has

24  been met and, if necessary, discovery may be taken with regard to that question.

25  28 U.S.C. §1446(c)(2).  Plaintiff alleges that she has suffered physical injury as

26  well as emotional distress and has requested general damages, special damages for

27  medical and incidental expenses incurred and to be incurred in the future, loss of

28  earnings, loss of future earnings, punitive damages in an amount sufficient to

1  punish, prejudgment interest, cost of the suit, and any other further relief deemed

2  necessary. *See* Exhibit "A" ¶ 33; *see also Corlew v. Denny's Restaurant*, 983 F.

3  Supp. 878, 879-80 (E.D. Mo. 1997)(holding that District Courts are not "free to

4  disbelieve [a]plaintiff's value of a case"); *Sanchez v. Monumental Life Insurance*

5  *Co.*, 102 F.3d 398, 403-404 (9th Cir. 1996)(removing defendant may show that it

6  is more likely than not that the jurisdictional amount has been met). Plaintiff has

7  made a request for damages in her Complaint, but her request does not include her

8  known medical damages, known costs for physical therapy, or known loss of

9  earnings all related to Plaintiff's Complaint.

10      11.    Reebok's counsel has made repeated attempts to contact Plaintiff's

11  counsel to discuss the amount of Plaintiff's alleged damages, but Plaintiff's

12  counsel has been unavailable and not returned Reebok's counsel's calls.

13  Georgantopoulos Decl. ¶ 2.

14      12.    Further, Plaintiff alleges that she has had to employ "the services of

15  hospitals, physicians, surgeons, nurses, therapists, and other professional

16  services." Exhibit "A" ¶¶ 16, 28. Plaintiff also alleges that she has been

17  "compelled to incur, and continues to incur, expenses for ambulance services,

18  medicines, x-rays, and other medical supplies and services" and she believes that

19  "further services of said nature will be required in the future." Exhibit "A" ¶¶ 16-

20  17, 28-29. In addition, Plaintiff alleges that as a direct and proximate cause of

21  Defendants' actions, she has suffered emotional distress and "permanent partial

22  disability" that affects her ability to work in her usual and customary occupation,

23  causing [her] to suffer past, present, and continuing loss of earnings and loss of

24  earning capacity." Exhibit "A" ¶¶ 18, 30.

25                          **DIVERSITY OF CITIZENSHIP**

26      13.    Plaintiff Maria Garcia is a resident of the State of California. Exhibit

27  "A", ¶ 1.

28

4

14.     Defendant Reebok International, Ltd. is a company organized and existing under the laws of the State of Massachusetts with its principal place of business in the City of Canton, Massachusetts.  Georgantopoulos Decl. ¶ 4.  Thus for diversity purposes, Defendant Reebok International, Ltd. is a citizen of Massachusetts.  28 U.S.C. § 1332 (c)(1).

15.     Defendant J. C. Penney Corporation, Inc. is a company organized and existing under the laws of the State of Delaware with its principal place of business in the City of Plano, Texas.  Georgantopoulos Decl. ¶ 5.  Thus for diversity purposes, Defendant J. C. Penney Corporation, Inc. is a citizen of Delaware and Texas.  28 U.S.C. § 1332 (c)(1).

16.     Pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names are disregarded.  Thus, the citizenship of Does 1 through 100 is disregarded for purposes of determining diversity jurisdiction.

17.     Since there is complete diversity of citizenship, the amount in controversy exceeds $75,000, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as required by 28 U.S.C. § 1441.

## PROPRIETY OF REMOVING TO THE CENTRAL DISTRICT

18.     Plaintiff filed the Underlying Action in the Superior Court of California, County of Los Angeles, and it is thus properly removed to the jurisdiction of the United States District Court for the Central District of California.

///
///
///
///
///
///
///

DEFENDANT REEBOK INTERNATIONAL, LTD.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B)[DIVERSITY OF CITIZENSHIP]

## STATE COURT DOCUMENTS

19.   The exhibits attached to this notice are true and complete copies of all documents served on Defendant Reebok from the Underlying Action, as identified in the authenticated paragraphs 6 through 8 of the accompanying Georgantopoulos Declaration.

20.   Written notice of the filing of this Notice of Removal is being given promptly to Plaintiff by service hereof, and a copy of this Notice of Removal is being promptly filed with the Superior Court of California, County of Los Angeles, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Reebok International, Ltd hereby removes the Underlying Action to this honorable Court.

Dated: March 7, 2013

Respectfully submitted,
**MORRIS POLICH & PURDY LLP**

By: _____

John W. Shaw
Litsa Georgantopoulos
Attorneys for Defendants
REEBOK INTERNATIONAL, LTD

DEFENDANT REEBOK INTERNATIONAL, LTD.'S NOTICE OF REMOVAL OF ACTION UNDER 28
U.S.C. § 1441(B)[DIVERSITY OF CITIZENSHIP]

## DECLARATION OF LITSA GEORGANTOPOULOS

I, Litsa Georgantopoulos, declare:

1.      I am an attorney at law duly admitted to practice law in the State of California. I am an associate with the law firm of Morris Polich & Purdy, LLP, attorneys of record for Defendant Reebok International, Ltd. I have personal firsthand knowledge of the facts stated in this declaration. If called to testify, I could and would competently testify to each and every one. I make this declaration in support of Defendants Reebok International, Ltd.'s Notice of Removal of Action pursuant to 28 U.S.C. section 1441 (diversity of citizenship).

2.      The jurisdictional threshold regarding the amount in controversy has been met and, if necessary, discovery may be taken with regard to that question. Our office has made repeated attempts to contact Plaintiff's counsel to discuss the amount of Plaintiff's alleged damages, but Plaintiff's counsel has been unavailable and not returned our calls. Moreover, Plaintiff asserts that Defendant Reebok International, Ltd ("Reebok") "designed, manufactured, and assembled the specific Reebok Simply Tone Shoes." *See* Exhibit "A" ¶ 7. Plaintiff claims that the Reebok Simply Tone shoes were defective and unsafe for their intended purpose because "the design of the convex rocker bottom soles are unstable when the user walks with her normal gait causing extreme strain on the Achilles tendon resulting in the damaging of the Achilles tendon. *See* Exhibit "A" ¶ 13. Plaintiff alleges that she has suffered physical injury as well as emotional distress and has requested general damages, special damages for medical and incidental expenses incurred and to be incurred in the future, loss of earnings, loss of future earnings, punitive damages in an amount sufficient to punish, prejudgment interest, cost of the suit, and any other further relief deemed necessary. *See* Exhibit "A" ¶ 33. Plaintiff claims that as a "direct and proximate result of the defect and ordinary use of the toning shoes, Plaintiff sustained severe and serious injury to her person, underwent painful and invasive surgery, and continues to suffer a permanent

1   injury." *See* Exhibit "A" ¶¶ 15, 27.  Plaintiff alleges that as a direct and proximate

2   result of Defendants' actions she has suffered "permanent partial disability." *See*

3   Exhibit "A" ¶¶ 18, 30. Further, Plaintiff alleges that she has had to employ "the

4   services of hospitals, physicians, surgeons, nurses, therapists, and other

5   professional services." Exhibit "A" ¶¶ 16, 28.  Plaintiff also alleges that she has

6   been "compelled to incur, and continues to incur, expenses for ambulance

7   services, medicines, x-rays, and other medical supplies and services" and she

8   believes that "further services of said nature will be required in the future."

9   Exhibit "A" ¶¶ 16-17, 28-29.  In addition, Plaintiff alleges that as a direct and

10  proximate cause of Defendants' actions, she has suffered "permanent partial

11  disability" that affects her ability to work in her usual and customary occupation,

12  causing [her] to suffer past, present, and continuing loss of earnings and loss of

13  earning capacity." Exhibit "A" ¶¶ 18, 30.

14      3.      Plaintiff is a resident of the State of California as stated in paragraph

15  1 of Plaintiff's Complaint. *See* ¶ 1 of Exhibit "A".

16      4.      Our office represents Reebok International Ltd in several lawsuits

17  and I can attest based upon my familiarity with the company and on information

18  and belief that it is a corporation organized and existing under the laws of the

19  State of Massachusetts with its principal place of business in the City of Canton,

20  State of Massachusetts.

21      5.      Based on information and belief, JC Penny is a corporation organized

22  and existing under the laws of the State of Delaware with its principal place of

23  business in the City of Plano, State of Texas.

24      6.      Attached hereto as Exhibit "A" is a true and correct copy of

25  Plaintiff's Complaint for personal injuries.

26      7.      Attached hereto as Exhibit "B" is a true and correct copy of the

27  Summons served on Defendant Reebok International Ltd.

28

**DEFENDANT REEBOK INTERNATIONAL, LTD.'S NOTICE OF REMOVAL OF ACTION UNDER 28
U.S.C. § 1441(B)[DIVERSITY OF CITIZENSHIP]**

8.     Attached hereto as Exhibit "C" is a true and correct copy of the remaining documents served on Defendant Reebok in the Underlying Action.

9.     Defendant Reebok International Ltd. has not answered Plaintiff's Complaint in the Underlying Action.

10.    Defendant J. C. Penney Corporation, Inc. has not been served in the Underlying Action.

I declare under penalty of perjury under the laws of the United States of America and the laws of the State of California that the foregoing statements are true and correct.

Executed this 7th day of March 2013, at Los Angeles, California.

Litsa Georgantopoulos, Declarant

DEFENDANT REEBOK INTERNATIONAL, LTD.'S NOTICE OF REMOVAL OF ACTION UNDER 28
U.S.C. § 1441(B)[DIVERSITY OF CITIZENSHIP]

# EXHIBIT "A"

Page 5 of 25)

0000010001000100

CHRISTOPHER S. DAVIS, ESQ.  SBN 158927
CHRISTOPHER S. DAVIS LAW OFFICES
A Professional Corporation
1500 Rosecrans Avenue, Suite 500
Torrance, California 90266
Telephone:  (310) 540-2600
Facsimile:   (310) 494-0163

Attorneys for Plaintiff: MARIA C. GARCIA

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 24 2013

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
      SHAUNYA WESLEY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# IN AND FOR THE COUNTY OF LOS ANGELES

MARIA C. GARCIA, an individual,

         Plaintiff,

              v.

REEBOK INTERNATIONAL, LTD., a
corporation, J.C. PENNEY, a corporation, and
DOES 1 through 100, inclusive,

         Defendants.

CASE NO.    BC 499824

COMPLAINT FOR DAMAGES

(STRICT PRODUCTS LIABILITY,
GENERAL NEGLIGENCE)

Jury Trial Demanded

Plaintiff alleges:

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1.      The plaintiff, MARIA C. GARCIA, is an individual over the age of eighteen and is now and at all time relevant hereto was a resident of the County of Los Angeles, State of California.

2.      Defendant REEBOK INTERNATIONAL, LTD. is a corporation, duly organized and existing under the laws of the State of California and conducting business in the County of Los Angeles.

3.      Defendant J.C. PENNEY is a corporation, duly existing and qualified to do business under the laws of the State of California and conducting business in the County of Los Angeles.

1

0000010001000100

4.      The true names or capacities of the defendants sued herein as DOES 1 through 100, whether Individual, corporate, associate or otherwise, are unknown to plaintiff at the time of filing this complaint. Plaintiff sues said defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when ascertained.

5.      Plaintiff is informed and believes, and thereon alleges, that each of the DOE defendants is in some manner responsible for the events and happenings herein set forth and proximately caused injury and damages to the Plaintiff as herein alleged.

6.      Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, DOES 1 through 100, and each of them were employees and agents of Defendants, of each of them, and were acting within the scope of said agency and employment.

7.      At all times herein mentioned Defendants REEBOK INTERNATIONAL, LDT. and DOES 1 through 50, and each of them, is and at all times herein mentioned were, engaged in the business of designing, manufacturing, and assembling, the foot ware products known as toning shoes for the sale to and uses by members of the general public, and as a part of its business defendant designed, manufactured, and assembled the specific Reebok Simply Tone shoes hereinafter referred to.

8.      At all times herein mentioned Defendants J.C. PENNEY, and DOES 1 through 50, and each of them, is and at all times herein mentioned were, engaged in the business of selling at retail or wholesale to customers or other purchasers, and members of the general public in the County of Los Angeles, State of California, the specific Reebok Simply Tone shoes hereinabove described that were manufactured, designed, and assembled by defendants named above.

FIRST CAUSE OF ACTION FOR

STRICT PRODUCTS LIABILITY

(Against All Defendants)

9.      Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 8 as though set forth fully herein.

10.     Defendants, and each of them, intended that the Reebok Simply Tone shoes manufactured, designed, and assembled by them were to be used and worn for the intended use of walking and in particular being used for walking extended periods and distances.

2

COMPLAINT FOR DAMAGES

0000010001000100

11.     At all times herein mentioned, defendants, and each of them, knew and intended that the Reebok Simply Tone shoes be purchased by members of the general public and used by the purchasers and others without inspection for defects.

12.     On or about August of 2011, plaintiff purchased the aforementioned Reebok Simply Tone shoes, hereinafter referred to as "the toning shoes" from defendant J.C. PENNEY at its place of business located in Culver City, California.

13.     The toning shoes were, at the time that plaintiff purchased it as herein alleged, defective and unsafe for its intended purposes in that the design of the convex rocker bottom soles are unstable when the user walks with her normal gait causing extreme strain on the Achilles tendon resulting in the damaging of the Achilles tendon.

14.     During the course of using the toning shoes for the intended purpose of walking from the date of purchase over the next several months, plaintiff suffered injury to her Achilles tendons as a proximate result of the defect herein described.

15.     As a direct and proximate result of the defect and ordinary use of the toning shoes as herein alleged, Plaintiff sustained severe and serious injury to her person, underwent painful and invasive surgery, and continues to suffer a permanent injury, all to Plaintiff's damage in a sum within the jurisdiction of this court and to be shown according to proof.

16.     As a further proximate result of the defect and ordinary use of the toning shoes, Plaintiff was required to seek out and employ and did employ the services of hospitals, physicians, surgeons, nurses, therapists, and other professional services, and has been compelled to incur, and continues to incur, expenses for ambulance service, medicines, x-rays, and other medical supplies and services.

17.     As a further proximate result of the defect and ordinary use of the toning shoes, as herein alleged Plaintiff is informed and believes, and thereon alleges, that further services of said nature will be required in the future all to the expense and damage of Plaintiff in an amount to be shown according to proof.

18.     As a further proximate result of the defect and ordinary use of the toning shoes, as herein alleged Plaintiff has suffered a permanent partial disability that affects her daily activities and ability to work in her usual and customary occupation, causing Plaintiff to suffer past, present and continuing loss of

3

0000010001000100

1  earnings and loss of earning capacity, all to her damage in an amount within the jurisdiction of this court

2  to be shown according to proof.

3  19.     At the time of the injury, as aforesaid, Plaintiff was regularly and gainfully employed. By reason

4  of the injuries sustained as a result of the foregoing acts and omissions of Defendants, and each of them,

5  Plaintiff has been unable to engage in her employment for a time subsequent to said incident and for a

6  time in the future all to Plaintiff's damage in an amount to be shown according to proof.

7  20.     Plaintiff is informed and believes and thereon alleges that she will thereby be further prevented

8  from attending her usual occupation in the future and will thereby sustain future loss of earnings all to

9  her further damage.

10  21.     As a further proximate result of the defect and ordinary use of the toning shoes, Plaintiff suffered

11  severe emotional distress all to her general damage in an amount to be shown according to proof.

12  22.     Plaintiff is informed and believes and thereon alleges that defendant knew that the toning shoes

13  sold, manufactured, designed and assembled by defendants were defective, dangerous in the manner

14  alleged paragraph 13 above; that defendants know that because of the defect, the toning shoes could not

15  safely be used for the purposes for which they were intended; that defendants, knowing that the toning

16  shoes could not safely be used for the purpose for which they were intended; that defendants, knowing

17  that the toning shoes were defective and dangerous, and in willful and conscious disregard of the safety

18  of members of the general public placed them on the market without warning of the defect, and further

19  knowing that the toning shoes would be sold to and used by members of the general public without

20  inspection for defects. In doing the things aforementioned, defendants were guilty of malice, oppression,

21  and fraud, thus entitling Plaintiff to recover exemplary or punitive damages.

22  ## SECOND CAUSE OF ACTION FOR

23  ## GENERAL NEGLIGENCE

24  ### (Against All Defendants)

25  23.     Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through

26  21 as though set forth fully herein.

27  24.     Defendants, and each of them, had a duty to use due care in designing, manufacturing,

28  assembling, selling and marketing the toning shoes so that the product was not defective.

4

0000010001000100

25.     Defendants, and each of them, breached this duty by placing the defective toning shoes into the stream of commerce when they either knew or should have known of its defective nature and potential to harm members of the general public including Plaintiff herein.

26.     As a proximate result of defendants' negligence, the defective toning shoes were distributed, marketed, and sold to Plaintiff, causing severe and permanent personal injuries.

27.     As a direct and proximate result of the defect and ordinary use of the toning shoes as herein alleged, Plaintiff sustained severe and serious injury to her person, underwent painful and invasive surgery, and continues to suffer a permanent injury, all to Plaintiff's damage in a sum within the jurisdiction of this court and to be shown according to proof.

28.     As a further proximate result of the defect and ordinary use of the toning shoes, Plaintiff was required to seek out and employ and did employ the services of hospitals, physicians, surgeons, nurses, therapists, and other professional services, and has been compelled to incur, and continues to incur, expenses for ambulance service, medicines, x-rays, and other medical supplies and services.

29.     As a further proximate result of the defect and ordinary use of the toning shoes, as herein alleged Plaintiff is informed and believes, and thereon alleges, that further services of said nature will be required in the future all to the expense and damage of Plaintiff in an amount to be shown according to proof.

30.     As a further proximate result of the defect and ordinary use of the toning shoes, as herein alleged Plaintiff has suffered a permanent partial disability that affects her daily activities and ability to work in her usual and customary occupation, causing Plaintiff to suffer past, present and continuing loss of earnings and loss of earning capacity, all to her damage in an amount within the jurisdiction of this court to be shown according to proof.

31.     At the time of the injury, as aforesaid, Plaintiff was regularly and gainfully employed. By reason of the injuries sustained as a result of the foregoing acts and omissions of Defendants, and each of them, Plaintiff has been unable to engage in her employment for a time subsequent to said incident and for a time in the future all to Plaintiff's damage in an amount to be shown according to proof.

32.     Plaintiff is informed and believes and thereon alleges that she will thereby be further prevented from attending her usual occupation in the future and will thereby sustain future loss of earnings all to

5

0000010001000100

her further damage.

33.    As a further proximate result of the defect and ordinary use of the toning shoes, Plaintiff suffered severe emotional distress all to her general damage in an amount to be shown according to proof.

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, for:

1.  General damages in the sum according to proof;

2.  Special damages for medical and incidental expenses incurred and to be incurred in the future according to proof;

3.  Loss of earnings according to proof;

4.  Loss of future earnings according to proof;

5.  Punitive or exemplary damages in an amount sufficient to punish;

6.  For prejudgment interest as provided by law including, but not limited to, <u>California Civil Code</u> Section 3291;

7.  Costs of suit herein incurred; and

8.  Such other and further relief as the court proper.

CHRISTOPHER S. DAVIS LAW OFFICES

By: _____
Christopher S. Davis, Esq.
Attorney for Plaintiff MARIA C. GARCIA

6

# EXHIBIT "B"

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

REEBOK INTERNATIONAL, LTD., a corporation, J.C. PENNEY, a
corporation, and DOES 1 TO 100, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARIA C. GARCIA, an individual.

FOR COURT USE ONLY
CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

**JAN 24 2013**

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| Superior Court of Los Angeles County, Central District<br>111 N. Hill Street, Los Angeles, CA 90012 | BC490824 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher S. Davis, Esq. (310) 540-2600;  1500 Rosecrans Avenue, Suite 500, Manhattan Beach, CA 90266

| DATE: *(Fecha)* | **JAN 24 2013** | JOHN A. CLARKE Clerk, by *(Secretario)* | Shaunya Wesley | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* REEBOK International LTD

under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)        ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 2/8/13

| | | Page 1 of 1 |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

# EXHIBIT "C"

Case 2:13-cv-01641-RGK-PJW   Document 1   Filed 03/07/13   Page 20 of 37   Page ID #:23

## NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number _____

**BC499824**

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Daniel Buckley | 1 | 534 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Michael P. Linfield | 10 | 631 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Terry A. Green | 14 | 300 | Hon. John L. Segal | 50 | 508 |
| Hon. Richard Fruin | 15 | 307 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rita Miller | 16 | 306 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Steven J. Kleifield | 53 | 513 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Barbara Scheper | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Ramona See | 69 | 621 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Soussan G. Bruguera | 71 | 729 |
| "unassigned" | 35 | 411 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. William F. Fahey | 78 | 730 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | **Hon. Emilie H. Elias** | **324** | **CCW** |
| Hon. Michelle R. Rosenblatt | 40 | 414 | **Hon. Elihu M. Berle** | **323** | **CCW** |
| Hon. Ronald M. Sohigian | 41 | 417 | Other | | |
| Hon. Holly E. Kendig | 42 | 416 | | | |
| Hon. Mel Red Recana | 45 | 529 | | | |
| Hon. Fredrick C. Shaller | 46 | 601 | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____      JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 01/12)
LASC Approved 05-06
For Optional Use

NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE

Page 1 of 2

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff/petitioner shall serve a copy of this form on each defendant/respondent along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation, and settlement conference are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision.

### Cases for Which Arbitration May Be Appropriate
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

### Cases for Which Arbitration May Not Be Appropriate
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

### Cases for Which Mediation May Be Appropriate
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

### Cases for Which Mediation May Not Be Appropriate
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

### Cases for Which Neutral Evaluation May Be Appropriate
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

### Cases for Which Neutral Evaluation May Not Be Appropriate
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conference:**
A settlement conference may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 01-12)
LASC Adopted 10-03
For Mandatory Use

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

Cal. Rules of Court, rule 3.221
Page 1 of 2

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## DISPUTE RESOLUTION PROGRAM ACT (DRPA) PROVIDERS

JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK                    ALTERNATIVE DISPUTE RESOLUTION (ADR) DEPARTMENT

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act (DRPA) to provide information about the availability of local dispute resolution programs funded under DRPA. For more information regarding these programs, contact the Los Angeles County Department of Community and Senior Services Contracts Administration Office at 213-738-2621. The following is a list of the local dispute resolution programs funded in Los Angeles County.

Superior Court of California, County of Los Angeles, ADR Office 213-974-5425
www.lasuperiorcourt.org/ADR

STAFF AND VOLUNTEERS OF THE FOLLOWING AGENCIES ARE NOT EMPLOYEES OF THE SUPERIOR COURT:

Asian-Pacific American Dispute Resolution Center 213-250-8190 www.apadrc.org

California Academy of Mediation Professionals 818-377-7250 www.campmediation.org

California Lawyers for the Arts, Arbitration, and Mediation Service 310-998-5590
www.calawyersforthearts.org

Center for Civic Mediation 877-473-7658 213-896-6533 www.centerforcivicmediation.org

Center for Conflict Resolution 818-705-1090 www.ccr4peace.org

Centinela Youth Services, City of Hawthorne 310-970-7702 www.cys.la.org

Inland Valleys Justice Center 877-832-9325 www.ivjc.org

Korean American Coalition 4.29 Dispute Resolution Center 213-365-5999 www.kacla.org

Los Angeles County Department of Consumer Affairs, Dispute Settlement Services 213-974-0825
www.dca.lacounty.gov

Loyola Law School, The Center for Conflict Resolution 213-736-1145 www.lls.edu/ccr

Norwalk Dispute Resolution Program 562-929-5603 www.ci.norwalk.ca.us/socialservices2.asp

Office of the Los Angeles City Attorney, Dispute Resolution Program 213-485-8324
www.atty.lacity.org/mediate

THE PROGRAMS LISTED ABOVE DO NOT OFFER LEGAL ADVICE OR HELP YOU RESPOND TO A SUMMONS; HOWEVER, THEY MAY ASSIST IN RESOLVING YOUR PROBLEM THROUGH MEDIATION.

| NAME, ADDRESS, TELEPHONE, FAX, and E-MAIL: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Click on the button to select the appropriate court address.

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties in the above-titled action stipulate to participate in the Alternative Dispute Resolution (ADR) process checked below:

☐ Mediation                         ☐ Neutral Evaluation

☐ Arbitration (non-binding)         ☐ Settlement Conference

☐ Arbitration (binding)            ☐ Other ADR Process (describe): _____

| Dated | Name of Stipulating Party ☐ Plaintiff ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|---|
| Dated | Name of Stipulating Party ☐ Plaintiff ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party ☐ Plaintiff ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party ☐ Plaintiff ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party ☐ Plaintiff ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party ☐ Plaintiff ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party ☐ Plaintiff ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party ☐ Plaintiff ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Number of additional pages attached to this document: _____

LAADR 001 (Rev. 04-12)
LASC Approved 10-04
For Optional Use

**STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 1

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California**
**County of Los Angeles**



**Los Angeles County**
**Bar Association**
**Litigation Section**

**Los Angeles County**
**Bar Association Labor and**
**Employment Law Section**



**Consumer Attorneys**
**Association of Los Angeles**



**Southern California**
**Defense Counsel**



**Association of**
**Business Trial Lawyers**



**California Employment**
**Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association**
**Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "Civil" and then under "General Information");

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
         (INSERT DATE)                                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____                    ►_____
        (TYPE OR PRINT NAME)                                          (ATTORNEY FOR PLAINTIFF)
Date:

_____                    ►_____
        (TYPE OR PRINT NAME)                                          (ATTORNEY FOR DEFENDANT)
Date:

_____                    ►_____
        (TYPE OR PRINT NAME)                                          (ATTORNEY FOR DEFENDANT)
Date:

_____                    ►_____
        (TYPE OR PRINT NAME)                                          (ATTORNEY FOR DEFENDANT)
Date:

_____                    ►_____
        (TYPE OR PRINT NAME)                                          (ATTORNEY FOR _____)
Date:

_____                    ►_____
        (TYPE OR PRINT NAME)                                          (ATTORNEY FOR _____)

_____                    ►_____
        (TYPE OR PRINT NAME)                                          (ATTORNEY FOR _____)

LACIV 229 (new)
LASC Approved 04/11                **STIPULATION – EARLY ORGANIZATIONAL MEETING**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|

iii.   Be filed within two (2) court days of receipt of the Request; and

iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

> _____
  (ATTORNEY FOR PLAINTIFF)

> _____
  (ATTORNEY FOR DEFENDANT)

> _____
  (ATTORNEY FOR DEFENDANT)

> _____
  (ATTORNEY FOR DEFENDANT)

> _____
  (ATTORNEY FOR _____ )

> _____
  (ATTORNEY FOR _____ )

> _____
  (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):                    FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):          FAX NO. (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

LACIV 075 (new)
LASC Approved 04/11     **STIPULATION AND ORDER – MOTIONS IN LIMINE**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

# PROOF OF SERVICE

I am employed in the State of California, County of Los Angeles. I am over the age of 18, and not a party to this action. My business address is 1055 West Seventh Street, 24th Floor, Los Angeles, California 90017.

On March 7, 2013, I served the foregoing document, described as **DEFENDANT REEBOCK INTERNATIONAL, LTD.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (B) [DIVERSITY OF CITIZENSHIP]; DECLARATION OF LITSA GEORGANTOPOULOS IN SUPPORT THEREOF** in this action by placing ☐ the original of the document ☒ true copies of the document in a separate sealed envelope to the following addressee:

Christopher S. Davis, Esq.
**CHRISTOPHER S. DAVIS LAW OFFICES**
1500 Rosecrans Avenue, Suite 500
Torrance, CA 90266

*Attorneys for Plaintiff*
*MARIA C. GARCIA*

Tel: (310) 540-2600
Fax: (310) 494-0163

☒   **BY U.S. MAIL** - I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with fully prepaid postage affixed thereon. I am readily familiar with Morris Polich & Purdy LLP's practice of collection and processing correspondence for mailing. Under that practice, in the ordinary course of business, documents are deposited with the U.S. Postal Service on the same day which is stated in this Proof of Service. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date stated in this affidavit.

☐   **BY FACSIMILE** - I caused the above-referenced document to be transmitted via facsimile to the parties as listed on this Proof of Service.

☒   **FEDERAL** - I declare I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 7, 2013, at Los Angeles, California.

_____
**Ada Garcia**

L0035313



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV13- 1641 RGK  (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
| --- | --- | --- |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Maria C. Garcia

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Reebok International, Ltd.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Christopher S. Davies Law Offices
1500 Rosecrans Avenue, Suite 500
Torrance, California 90266
(310) 494-0163

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
John W. Shaw, Litsa Georgantopoulos; Morris Polich & Purdy LLP
1055 W. 7th Street, 24th Floor
Los Angeles, CA 90017
(213) 891-9100

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C 1332, 1441, and 1446

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☒ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: _____

CV13-01641

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO  ☐ YES

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO  ☐ YES

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Reebok International, Ltd - Norfolk County, Massachusetts<br>J.C. Penney - Collin County, Texas |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
**Note:** In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _(signature)_ DATE: 3/7/13

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

**PROOF OF SERVICE**

I am employed in the State of California, County of Los Angeles. I am over the age of 18, and not a party to this action. My business address is 1055 West Seventh Street, 24th Floor, Los Angeles, California 90017.

On March 7, 2013, I served the foregoing document, described as **CIVIL COVER SHEET** in this action by placing ☐ the original of the document ☒ true copies of the document in a separate sealed envelope to the following addressee:

Christopher S. Davis, Esq.
**CHRISTOPHER S. DAVIS LAW OFFICES**
1500 Rosecrans Avenue, Suite 500
Torrance, CA 90266

*Attorneys for Plaintiff*
*MARIA C. GARCIA*

Tel: (310) 540-2600
Fax: (310) 494-0163

☒ **BY U.S. MAIL** - I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with fully prepaid postage affixed thereon. I am readily familiar with Morris Polich & Purdy LLP's practice of collection and processing correspondence for mailing. Under that practice, in the ordinary course of business, documents are deposited with the U.S. Postal Service on the same day which is stated in this Proof of Service. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date stated in this affidavit.

☐ **BY FACSIMILE** - I caused the above-referenced document to be transmitted via facsimile to the parties as listed on this Proof of Service.

☒ **FEDERAL** - I declare I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 7, 2013, at Los Angeles, California.

**Ada Garcia**

L0035313