JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-13-01641-RGK (PJWx) | Date | April 5, 2013 |
|---|---|---|---|
| Title | *Maria Garcia v. Reebok International, Ltd. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   **(IN CHAMBERS) Order to Remand**

     On January 24, 2013, Maria Garcia ("Plaintiff") filed a Complaint in Los Angeles County Superior Court against Reebok International, Ltd. ("Reebok") and J.C. Penney arising out of an injury Plaintiff sustained after wearing Reebok Simply Tone shoes. Plaintiff asserts in her Complaint that Reebok defectively designed, manufactured, and assembled these shoes and that J.C. Penney sold the shoes at retail or wholesale to customers. Plaintiff alleges claims for: (1) strict products liability and (2) negligence against both Defendants.

     On March 7, 2013, Defendant Reebok removed the action to this Court based on diversity jurisdiction. Reebok did not join J.C. Penney because J.C. Penney had not yet been served Plaintiff's Summons and Complaint. (Reebok's Notice of Removal ¶ 8.) For the reasons stated below, the Court finds that diversity jurisdiction does not exist because Reebok cannot prove a sufficient amount in controversy. Thus, this action is **REMANDED**.

     Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1117 (C.D. Cal. 2010) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). A court may also consider supplemental evidence submitted by the removing defendant that was not originally included in the removal notice. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002). The defendant bears the burden of proof. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Where the complaint is either unclear or ambiguous as to the amount of damages, defendant need only prove "by a preponderance of the evidence" that the amount in controversy has been met. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

Here, Reebok has not met its burden to establish the threshold amount in controversy. Reebok contends that the amount in controversy had been met, and lists the types of damages Plaintiff alleged in the Complaint as a result of her injuries. Specifically, Plaintiff seeks general damages as well as special damages for incurred and future medical and incidental expenses, loss of earnings, loss of future earnings, and punitive damages. However, Reebok fails to assign any monetary estimates to Plaintiff's requested relief. Therefore, the Court cannot ascertain whether the amount in controversy was met.

In its defense, Reebok asserts that it made repeated attempts to contact Plaintiff's counsel to discuss the amount of alleged damages, but has received no response. However, this fact alone does not relieve Reebok from its burden of proving the amount in controversy by a preponderance of the evidence.

Accordingly, Reebok has failed to demonstrate by a preponderance of the evidence that Plaintiff's combined value of damages exceeds $75,000. Thus, the Court finds that removal is improper and **REMANDS** this action to state court.

**IT IS SO ORDERED.**

                                                                           :

Initials of Preparer